UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
LIBERTY SHIPPING GROUP LLC,                    :
                                               :    MEMORANDUM & ORDER
                                Plaintiff,     :
                                               :    09-CV-3161 (ENV)(VVP)
        -against-                              :
                                               :
THE UNITED STATES OF AMERICA c/o UNITED        :
STATES DEPARTMENT OF JUSTICE, UNITED           :
STATES MARITIME ADMINISTRATION,                :
UNITED STATES AGENCY FOR                       :
INTERNATIONAL DEVELOPMENT and UNITED           x
STATES DEPARTMENT OF AGRICULTURE

                                Defendants.
------------------------------------------------------------------

VITALIANO, D.J.

      Plaintiff Liberty Shipping Group LLC ("Liberty") filed a complaint against defendants, the United States of America, the United States Maritime Administration, United States Agency for International Development and the United States Department of Agriculture on July 22, 2009, complaining of violations of the Administrative Procedures Act (the "APA"). Specifically, plaintiff alleges that defendants improperly adjusted the bidding process for shipping contracts related to foreign aid authorized by Congress and that by doing so, have effectively frozen plaintiff out of the bidding process for these contracts. Plaintiff now claims that the first bidding opportunity, or Solicitation, requires sealed commodity bids to be submitted by August 4, 2009, with the contracts awarded the next day, and sealed ocean transportation bids due on July 30, 2009, with awards made on or around the week of August 13(the "First Solicitation"). The next Solicitation, it is also claimed, is set to occur shortly, with ocean transportation bids scheduled for submission on August 27, 2009. Plaintiff moves the Court for a preliminary injunction enjoining defendants from refusing bids in these Solicitations and all

Solicitations occurring during the course of this litigation.

The Supreme Court has only recently re-stated that a party seeking a preliminary injunction must demonstrate that it "is likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." Winter v. NRDC, Inc., 129 S. Ct. 365, 374 (2008). The presence of irreparable harm is the single most important consideration in issuance of a preliminary injunction and thus, is the first question the Court must consider. See Grand River Enterprise Six Nations, Ltd. v. Pryor, 481 F.3d 60, 66-67 (2d Cir. 2007). Plaintiff here claim to be frozen out of a competitive bidding process for a government contract, a claim recognized to constitute irreparable harm. See Rhinocorps Ltd. Co. v. United States, 2009 WL 1362843, at *6 (Fed. Cl. May 15, 2009). However, although the remaining factors appear to weigh in favor of plaintiff, the Court is reluctant to issue such broad injunctive relief without hearing first from defendants. Therefore, given the impending Solicitation and irreparable harm that will be caused to plaintiff if improperly barred from bidding, the Court temporarily restrains defendants from refusing otherwise timely bids from plaintiff for the First Solicitation. The parties are directed to contact chambers within five days of entry of this Order to schedule a hearing on plaintiff's request for a preliminary injunction.

SO ORDERED.

Dated: Brooklyn, New York
July 31, 2009

/ENV

ERIC N. VITALIANO
United States District Judge